# UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF OHIO

OFFICE OF THE CLERK

KENNETH J. HIRZ  
CLERK OF COURT

WESTERN DIVISION  
411 U.S. COURTHOUSE  
TOLEDO, OHIO 43604  
(419) 213-5600

June 21, 2010

Pamela I. Theodotou, Esq.  
Theodotou & Associates  
4449 Easton Way, 2nd Floor  
Columbus, OH 37934

In re: Rebecca Sue Austin  
Case No. 10-34167

Dear Attorney Theodotou,

    On June 21, 2010, the Clerk, U.S. Bankruptcy Court received the enclosed Certificate of Credit Counseling for the above referenced Debtor. The Certificate was mailed directly to the Court from the Debtor instead of being filed electronically by you.

    Sixth Amended General Order 03-1, *Provisions for Mandatory Electronic Case Filing,* which was entered by the Bench for the Northern District of Ohio on April 5, 2010, sets forth the requirement that: *"All pleadings and other documents filed by attorneys in all cases and proceedings shall be filed electronically according to the procedures established by the Court."* (A copy of the Sixth Amended General Order 03-1 is attached hereto).

    Since you are the Attorney of Record in this case, it is your responsibility to electronically file **all** documents on behalf of your client. The Debtor should not be mailing or hand-delivering any documents to the Clerk. Any exceptions to this requirement are set forth in the General Order and can also be found in the Administrative Procedures Manual, which is available on the Court's Website (an exception would include the *Declaration Re: Electronic Filing of Documents* which must be originally signed by you and the Debtor and mailed directly to the Court).

    Please take the necessary steps to electronically file the enclosed Certificate of Credit Counseling to insure that the Debtor's Chapter 7 Case is not deficient and thereby, subject to dismissal.

Sincerely,

*Susan M. McCune*  
Susan M. McCune  
Courtroom Deputy to Judge Richard L. Speer

encl.  
cc: case docket - correspondence  
    Debtor, Rebecca Austin

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

**In re**

PROVISIONS FOR MANDATORY ) SIXTH AMENDED GENERAL
ELECTRONIC CASE FILING ) ORDER NO. 03-1
)

## ORDER

THE COURT FINDS that:

Federal Rules of Civil Procedure 5(e) and 83, Federal Rules of Bankruptcy Procedure 5005(a)(2), 9011, 9029 and 9036, and Local Bankruptcy Rules 5005-2(b) and 9037-1 authorize this Court to establish practices and procedures for filing, signing, maintaining and verifying pleadings and documents by electronic means; and

On September 6, 2002, by General Order 02-2, the Court established and published such procedures in the Electronic Case Filing Administrative Procedures Manual, and reserved the authority to modify such procedures from time to time in keeping with the needs of the Court; and

On May 21, 2003, by General Order 03-1, the Court set a January 1, 2004, date for requiring that all pleadings and other papers in all cases and proceedings be filed electronically, with certain exceptions.

NOW, THEREFORE, IT IS ORDERED that Fifth Amended General Order 03-1 is further amended to read as follows:

1. Except as provided in paragraph 2, below, the Court adopts mandatory Electronic Case Filing, as follows:
    a. All pleadings and other documents filed by attorneys in all cases and proceedings shall be filed electronically according to the procedures established by the Court.

    b. All documents filed by other registered Electronic Case Filing users shall be filed electronically according to the procedures established by the Court.

    c. All creditors not represented by an attorney who file more than 25 proofs of claim in any 12-month period shall file the proofs of claim – as well as all transfers, assignments, and withdrawals of proofs of claim – electronically according to the procedures established by the Court. When a creditor reaches this threshold, the Clerk shall notify the creditor of the requirement to file the documents electronically. The creditor shall then have thirty days in which to comply. Any paper filings of the creditor after the 30-day period are subject to rejection by the Court.

2. Mandatory Electronic Case Filing shall not apply under the following circumstances:

   a. Except as otherwise provided in paragraph 1, above, parties without legal representation (*pro se* parties) shall file all pleadings and other documents on paper and not electronically.

   b. If either the Court's or a registered user's electronic filing equipment is temporarily inoperable, users may file pleadings and other documents on paper, as provided in section II C of the Electronic Case Filing Administrative Procedures Manual.

   c. A pleading or claim filed by an attorney on his or her own behalf may be filed on paper. If such attorney is a registered Electronic Case Filing user, the pleading or claim may be filed either electronically or on paper.

   d. All creditors not represented by an attorney who file fewer than 25 proofs of claim in any 12-month period, and who are not registered Electronic Case Filing users, shall file all documents on paper.

   e. All documents set forth in section III A of the Electronic Case Filing Administrative Procedures Manual, as it may be amended from time to time, shall be filed on paper and not electronically unless specifically authorized by the Court.

   f. Motions for leave to file a document on paper may be filed on paper or electronically.

   g. Any document for which prior authorization to file on paper has been obtained from the Court upon motion and order for good cause shown may be filed on paper.

3. Those provisions of General Order 02-2 that are inconsistent with the provisions of this Order are hereby rescinded.

4. The Clerk of this Court shall prepare a notice of the entry of this Order to be published in the various legal news publications functioning in the counties served by this Court. The Clerk shall further cause the notice and the Electronic Case Filing Administrative Procedures Manual to be distributed at the Clerk's divisional offices in Akron, Canton, Cleveland, Toledo and Youngstown, and shall post this General Order and the Electronic Case Filing Administrative Procedures Manual on the Court's Internet site.

Dated: <u>April 5, 2010</u>

<u>/s/ Marilyn Shea-Stonum</u>
Marilyn Shea-Stonum
Chief Judge, United States Bankruptcy Court

<u>/s/ Russ Kendig</u>
Russ Kendig
United States Bankruptcy Judge

<u>/s/ Richard L. Speer</u>
Richard L. Speer
United States Bankruptcy Judge

<u>/s/ Mary Ann Whipple</u>
Mary Ann Whipple
United States Bankruptcy Judge

<u>/s/ Randolph Baxter</u>
Randolph Baxter
United States Bankruptcy Judge

<u>/s/ Arthur I. Harris</u>
Arthur I. Harris
United States Bankruptcy Judge

<u>/s/ Pat E. Morgenstern-Clarren</u>
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge

<u>/s/ Kay Woods</u>
Kay Woods
United States Bankruptcy Judge

**From:** customerservice@abacuscc.org (customerservice@abacuscc.org)
**To:** austinpowers2406@yahoo.com;
**Date:** Fri, June 18, 2010 1:16:40 PM
**Cc:**
**Subject:** Abacus Credit Counseling certificate: Rebecca Austin

Thank you for using Abacus Credit Counseling! Attached please find Rebecca Austin's certificate of completion for a credit counseling briefing.

Regards,

Abacus Credit Counseling
Course Website: www.abacuscc.org
Email: customerservice@abacuscc.org
Phone: 800-516-3834

Certificate Number: 12459-OHN-CC-011361603


12459-OHN-CC-011361603

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>June 11, 2010</u>, at <u>8:22</u> o'clock <u>PM PDT</u>, <u>Rebecca Austin</u> received from <u>Abacus Credit Counseling</u>, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>Northern District of Ohio</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet</u>.

Date: June 18, 2010          By:    /s/Laura M Ahart

                             Name:  Laura M Ahart

                             Title: Credit Counselor

\* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

$$$$$$$$$$$$
$ FAST CASH $
$$$$$$$$$$$

**MONEY ORDER**

Issued by AMERICAS FAST CASH
No. 16377460

75-1555
912

DMMN INVESTMENTS
1137 Colorado St.
Muscatine, IA 52761
563-263-0323

REMITTER Rebecca Quinton 1104 Albert St Lima Oh. 45804   06/17/2010

PAY TO THE
ORDER OF Sheridan & Sheridan

$29.00*****

**TWENTY-NINE AND 00/100 DOLLARS**

#16377460#

NOT VALID OVER $29.00

Bankruptcy Petition # 10-34167-rls
1st payment balance. $270.00

VOID AFTER 180 DAYS

Payable Through
North American Banking Co
Minnesota

⑆091215558⑆ 79 ⑆16377460⑈